# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TIMOTHY RICHARDSON, | : | |
| Petitioner, | : | Case No. 3:06CV095 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| ERNIE MOORE, Warden, | : | |
| Lebanon Correctional Institution, | | |
| | : | |
| Respondent. | : | |
| | : | |

---

## REPORT AND RECOMMENDATIONS[1]

---

Petitioner Timothy Richardson brought this habeas corpus action to seek relief from convictions and sentences imposed by the Clark County Common Pleas Court. This matter is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1), Respondent's Return of Writ (Doc. # 5) and Petitioner's Objections to Respondent's Answer to Writ (Doc. # 6) and the record as a whole.

### I.     PROCEDURAL HISTORY

#### A.     State Conviction

Richardson, along with two co-defendants, was indicted by the September 2002 Term of the Clark County, Ohio Grand Jury on one count of Theft of a Motor Vehicle in violation of Ohio Revised Code §2913.02(A)(1), one count of Aggravated Robbery in violation of R.C. §2911.11(A)(1) with a firearm specification, one count of Having A Weapon While Under

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Disability in violation of R.C. §2923.13(A)(2) with a specification and one count of Carrying a

Concealed  Weapon in violation of R.C. §2923.12(A).    (Doc. #5, Exhibit 1, Case No. 02 CR

75).  Richardson was subsequently indicted for Failure to Comply with an Order/Signal  of a

Police Officer.  (Doc. #5, Exhibit 2, Case No. 02 CR 811). The Prosecutor sought to have the

cases consolidated and the court permitted the consolidation at the arraignment hearing on

December 11, 2002.  (Doc. #5, Exhibit 2A).  Richardson  pled not guilty to the charges in the

first indictment on October 18, 2002.  (Doc. #5, Exhibit 3).  Prior to trial, on October 9, 2003,

Richardson filed a motion to dismiss based  on denial of a speedy trial. (Doc. #5, Exhibit 4). In

an entry filed on October 30, 2003 denying  the motion, the court found that, from the  time of

arrest until the time Richardson  was tried, he was represented by four separate attorneys.  As a

result, each time  a new attorney was assigned to the case, a continuance was issued.

Additionally, the trial date was continued due to Richardson being involved in a  vehicle

accident.  (Doc. #5, Exhibit 6).

On November 3, 2003, Richardson withdrew his  pleas of not guilty and entered pleas of

"no contest."  (Doc. #5, Exhibit 7B).  The court  accepted his plea and sentenced him to

consecutive terms of incarceration totaling eighteen years, ten months.  Richardson was to serve

nine years for  Aggravated Robbery, plus an  additional three years for the firearm specification,

seventeen months for Grand Theft of a Motor Vehicle, four years for Having a Weapon While

Under a Disability and seventeen months for Carrying a  Concealed Weapon. [2]  (Doc. #5, Exhibit

7).

---

[2]    In an entry filed on December 11, 2003, the trial court dismissed the charge of Failing to
Obey an Order/Signal of a Police Officer upon the motion of the Prosecutor.  (Doc. #5, Exhibit
7A).

2

B.     **Direct Appeal**

Richardson filed a timely notice of appeal in the Second Appellate District, Clark County, still represented by his most recent trial attorney. (Doc. #5, Exhibit 8, Case No. 03CA0092). In his brief, he presented the following assignment of error:

> 1.     THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT BY OVERRULING DEFENDANT'S PRE-TRIAL MOTION TO DISMISS FOR VIOLATIONS OF HIS RIGHT TO A SPEEDY TRIAL.

(Doc. #5, Exhibit 9). On October 22, 2004, the Court of Appeals issued an opinion and final entry overruling Richardson's sole assignment of error and affirming the judgment of the trial court. (Doc. #5, Exhibit 11).

On November 8, 2004, Richardson filed a pro se motion with the Court of Appeals to certify the speedy trial issue to the Ohio Supreme Court alleging that the October 22, 2004 opinion was in conflict with *State v. Price*, 122 Ohio App.3d 65, 701 N.E.2d 41 (1997) (Doc. #5, Exhibit 12). The court denied the motion on December 15, 2004. (Doc. #5, Exhibit 13).

On December 3, 2004, Richardson filed a pro se notice of appeal to the Ohio Supreme Court and notice of pending motion to certify conflict with an attached memorandum in support of jurisdiction. In his memorandum in support of jurisdiction, he presented the following proposition of law:

> 1.     APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL WHERE THE STATE FAILED TO PRODUCE ANY EVIDENCE TO REBUT APPELLANT'S PRIMA [FACIE] CASE.

(Doc. #5, Exhibit 14, Case No. 04-2015). On December 6, 2004, Attorney Eric Allen filed a timely notice of appeal under the same case number on Richardson's behalf. (Doc. #5, Exhibit 15). In his memorandum in support of jurisdiction, Richardson's attorney presented the

3

following proposition of law:

> 1.    A CRIMINAL DEFENDANT IS ENTITLED TO A STRICT INTERPRETATION OF SPEEDY TRIAL RIGHTS IN ALL  CRIMINAL PROSECUTIONS AND FAILURE TO ADHERE TO THESE RIGHTS SHOULD RESULT IN DISMISSAL.

(Doc. #5,  Exhibit 16). On March 16, 2005, the Ohio Supreme Court issued an entry denying leave to appeal based on the jurisdictional memoranda filed and dismissing the appeal as not involving any substantial constitutional question.  (Doc. #5, Exhibit 17).

### C.    <u>Motion to Reopen Appeal</u>

On August 17, 2005, Richardson filed an untimely application to reopen  his appeal alleging ineffective assistance of counsel.   (Doc. #5, Exhibit 18). On September 30, 2005, the Court of Appeals denied the  application as untimely, saying that Richardson failed to address the issue of timeliness and that his claims of irregularities in his bond  hearing and at his no  contest hearing should have been known to him in time to submit a timely  application. (Doc. #5, Exhibit 19).

Richardson filed a timely pro se notice of appeal to the Ohio Supreme  Court on November 2, 2005.  (Doc. #5, Exhibit 20, Case No. 05-2058).  In his memorandum in support of jurisdiction, he presented the following propositions of  law:

> 1.    THE COURT OF APPEALS  DEPRIVED APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE  PROCESS OF LAW IN GRANTING APPELLEE'S MOTION TO DISMISS/SUMMARY JUDGMENT [of his Rule 26(B) application] IN VIOLATION OF THE UNITED STATES CONSTITUTION.

> 2.    NOT ONLY WAS IT PLAIN ERROR UPON THE RECORD  BUT ALSO AN OBVIOUS MISCARRIAGE OF JUSTICE  FOR THE PROSECUTION TO KNOWINGLY USE  PERJURY TO SUBVERT APPELLANT'S MOTION FOR  DISCHARGE ON SPEEDY TRIAL GROUNDS IN VIOLATION OF HIS SUBSTANTIVE AND PROCEDURAL RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED  STATES CONSTITUTION.

4

3.     APPELLANT WAS DEPRIVED OF THE EFFECTIVE  ASSISTANCE
OF COUNSEL AT TRIAL AND ON THE  APPEAL AS OF RIGHT WHERE
BOTH ATTORNEYS  FAILED TO RECOGNIZE, ARGUE AND BRIEF THE
FACT THAT APPELLANT'S SENTENCE IS VOID [AB] INITIO BECAUSE
OF NO NOTICE AND THE OPPORTUNITY TO  BE HEARD WHERE THE
TRIAL  COURT USED JUDICIAL FINDINGS NOT FOUND BY JURY:
ADMITTED BY APPELLANT NOR PROVEN BEYOND A REASONABLE
DOUBT.  *McMillan v. Pennsylvania,* 477 U.S. 79 (1986); *Apprendi v. N.J.,* 120
S.Ct. 2348 (2000);  *Blakely v.  Washington,* 120 S.Ct. 2531 (2004).

(Doc. #5, Exhibit 21).  On February 22, 2006, the Ohio Supreme Court dismissed the appeal as

not involving any substantial constitutional question.  (Doc. #5, Exhibit 22).

### D.     Federal Habeas Corpus

Richardson's petition for a writ of habeas corpus asserts the following grounds for relief:

**GROUND  ONE:**     PETITIONER  WAS  DEPRIVED  OF  HIS  14TH
AMENDMENT  RIGHT  TO  SUBSTANTIVE  AND  PROCEDURAL  DUE
PROCESS.

**Supporting FACTS:**  Petitioner was deprived of his substantive and absolute
right to procedural due process of law where the State  trial court used an oral
request for continuance made by stand-by  counsel that was never properly
journalized to deny Petitioner his speedy trial rights.

**GROUND TWO:**  PETITIONER WAS DEPRIVED OF EFFECTIVE
ASSISTANCE OF COUNSEL ON THE APPEAL AS OF RIGHT.

**Supporting FACTS:**  Failed to recognize, argue and brief fact that  assistant
prosecutor used perjured testimony to influence trial judge to overrule motion
for discharge on speedy trial grounds where he misled court into thinking that
arresting officer's testimony before  grand jury was other then a second grand
jury session concerning  driver of car during robbery which constituted fraud
on the court  and deprived Petitioner of his speedy trial rights.

**GROUND THREE:**  ENHANCED SENTENCE VOID AS A MATTER OF
LAW CONTRARY TO 14TH AMENDMENT TO THE  U.S.
CONSTITUTION.

**Supporting FACTS:**  The state trial Judge enhanced Petitioner's sentence to
more than the maximum/minimum sentence allowed by law thereby rendering

> sentence a nullity and void for failure to put Petitioner on notice that his
> sentence was to be enhanced and  failure to give him the opportunity to be
> heard.

(Doc. # 1).

## II.    ANALYSIS

### A.    Standard of Review

In determining whether to issue a habeas writ, the standards set forth in the Antiterrorism

and Effective Death Penalty Act of 1996, *28 U.S.C. §  2241 et seq*. ("AEDPA") govern a district

court's review of a state court decision. *Id.* The AEDPA only provides habeas relief for a state

prisoner in certain circumstances:

> (d) An application  for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the Supreme Court of the United States;
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

28 U.S.C. §  2254(d).

The  Supreme Court decision of  *Williams v. Taylor,* 529 U.S. 362, 120 S. Ct. 1495

(2000), clarified the meaning of the operative clauses in §  2254(d)(1). *Williams* stated that

federal courts are to find "clearly established Federal law" in the holdings of the Supreme Court,

as opposed to its dicta, at the time of the relevant state court decision.  *Williams,* 529 U.S. at 412;

*see also  Harris v. Stovall,* 212 F.3d 940, 944 (6th Cir. 2000). In *Williams, the* Court went on to

clarify the situations in which a court could grant a writ of habeas corpus under §  2254(d)(1):

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13.

## B.     Ground One: Speedy Trial

In his first ground for relief Petitioner asserts that his right to a speedy trial was violated when he was not actually brought to trial for more than one year after he was initially charged. Respondent argues that this claim lacks merit as it has not been shown that the decision of the state court was  unreasonable when it held that Petitioner had not been denied a speedy trial. The Clark County Court of Appeals affirmed Richardson's conviction and  found that he had not been denied his right of speedy trial.  The Court detailed  the delays in conducting his trial but ultimately held that all continuances properly extended the date by which his trial was  to begin. The Court overruled this  assignment of error saying in *State v. Richardson*, 2004 Ohio 5815:

> [*P3] The sole issue in this appeal is whether an  unjournalized continuance granted  at Defendant's own request extends the time provided by R.C. 2945.71 for bringing Defendant  to trial.  We hold that it does,  and affirm the judgment of the trial  court.

> [*P4] On October 7, 2002, Defendant was arrested and jailed  for aggravated robbery and a number of other offenses arising out  of his participation in the armed robbery.  Defendant remained in jail in lieu of bail solely on those pending charges until April 16, 2003, when he posted bail and was released from jail. On October  15, 2002, Defendant was indicted. The trial court scheduled  Defendant's trial to begin on December 16, 2002.

> [*P5] On December 4, 2002, Defendant's counsel, Linda  Cushman, was permitted to withdraw. At a hearing held on  December 11, 2002, the trial  court appointed Attorney Paul  Kavanaugh as counsel for Defendant.

7

Defendant's new counsel orally requested a continuance of the December 16, 2002, trial date in order to have more time to prepare. The trial court granted Defendant's requested continuance, but did not journalize that decision until some months later when it filed a nunc pro tunc entry on October 30, 2003. The trial court rescheduled Defendant's trial for March 4, 2003.

[*P6] In the interim, yet another attorney, Daniel J. O'Brien, entered his appearance as counsel for Defendant, replacing Kavanaugh. On March 3, 2003, Attorney O'Brien filed a motion seeking a continuance of the March 4 trial because he was not adequately prepared. The trial court granted Defendant's requested continuance and filed an order to that effect on March 10, 2003. By Entry filed March 26, 2003, the trial court rescheduled Defendant's trial for June 2, 2003.

[*P7] The June 2, 2003 trial date, as well as subsequent trial dates of September 3, 2003, and October 27, 2003, were also continued at Defendant's requests. During this period of time numerous pretrial motions were also filed by Defendant which extended the time for trial pursuant to the provisions in R.C. 2945.72.

[*P8] A fourth attorney, Joseph Reed, entered his appearance as counsel for Defendant, replacing Attorney O'Brien. On October 9, 2003, Defendant filed his motion to dismiss claiming a violation of his speedy trial rights. Following a hearing held on October 27, 2003, the trial court overruled Defendant's motion to dismiss on October 30, 2003. Defendant subsequently entered no contest pleas to the charges.

[*P9] The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. In Ohio that right is implemented by the statutory scheme imposing specific time limits in R.C. 2945.71 et seq. *State v. Pachay* (1980), 64 Ohio St. 2d 218, 221, 416 N.E.2d 589. The particular rights which that statutory scheme confers attach when criminal charges are placed against a defendant. They continue in operation so long as those charges remain pending, until he is brought to trial.

[*P10] R.C. 2945.71(C)(2) requires the State to bring a person against whom a charge of felony is pending to trial on the charge within two hundred seventy days after the person's arrest. Each day defendant is held in jail in lieu of bail on the pending charge is counted as three days. R.C. 2945.71(E). The time within which an accused must be brought to trial may be extended pursuant to the provisions in R.C. 2945.72. In that regard, R.C. 2945.72(H) provides that the time for bringing a defendant to trial may be extended by

8

"the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

[*P11] In arguing that his speedy trial rights were violated, Defendant challenges only the validity of the continuance of the original December 16, 2002 trial date. The parties agree that any speedy trial violation that occurred necessarily took place prior to the court's March 26, 2003 entry granting a defense motion to continue the trial from March 4, 2003, until June 2, 2003. Thereafter, Defendant's requested continuances of subsequent trial dates and the many pretrial motions that he filed extended the time for trial pursuant to R.C. 2945.72 such that Defendant was brought to trial within the time limits provided by R.C. 2945.71, if the continuance of the original December 16, 2002 trial date was valid.

[*P12] Defendant was held in jail in lieu of bail solely on the pending charges in this case between the date of his arrest, October 7, 2002, and the date he posted bail, April 16, 2003. Therefore, he is entitled to three for one credit for that time period pursuant to R.C. 2945.71(E). In order to comply with R.C. 2945.71(C)(2), the State was required to bring Defendant to trial in this case within ninety days after his arrest, on or before January 6, 2003, because the ninetieth day fell on Sunday, January 5, 2003.

[*P13] The trial court originally set Defendant's trial to begin on December 16, 2002, well within the ninety day limit. At a hearing held on December 11, 2002, the trial court granted an oral request by Defendant's counsel to continue the December 16, 2002 trial date. The trial court ordered Defendant's trial rescheduled to March 4, 2003. That decision continuing the original trial date at Defendant's request however was not jounalized until October 30, 2003, when the court filed a nunc pro tunc entry. The trial court explained that when it filed its Entry on December 16, 2002, continuing the trial at the request of Defendant's co-defendant, Hakeem Smith, the court inadvertently omitted from its Entry the continuance it had orally granted at Defendant's request on December 11, 2002. Relying upon *State v. King,* 70 Ohio St.3d 158, 1994 Ohio 412, 637 N.E.2d 903, Defendant argues that the court's continuance of the original December 16, 2002 trial date, at Defendant's request, was not valid because it was not journalized prior to the expiration of the statutory time limit for bringing Defendant to trial, January 6, 2003. We disagree.

[*P14] Continuances granted "other than upon the accused's own motion" pursuant to R.C. 2945.72(H), that is, continuances granted either at the State's request or ordered sua sponte by the court, must be reasonable.

9

To  evidence reasonableness, a  continuance must be supported by an explanation. Therefore, in  those two situations the trial court must journalize the  continuance  before the expiration  of the time limit set forth in R.C. 2945.71, and  must state in its journal entry  the reasons for the continuance.  *State v. Garries*  (Dec. 19, 2003), Montgomery App. No. 19825,  2003 Ohio 6895.  See also:  *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 Ohio B. 282, 441 N.E.2d 571; *State v. King,* 70 Ohio St.3d 158,  1994 Ohio 412;*State v. Stamps* (1998), 127 Ohio App.3d 219, 712  N.E.2d 762.

[*P15] On the other hand,  an explanation or reason for a continuance in a journal entry  is not necessary, even though  preferable, when the continuance clearly is granted "on the  accused's own motion." *Garries, supra*;  *Stamps, supra.* In such cases Defendant is obviously aware of the reasons for the  continuances that were granted. When the defendant's request for a continuance appears in the record, the absence of an explanation  for the continuance in a journal entry should not allow Defendant to  use the speedy trial statute as a sword rather than the shield it was designed to be.  *Id.*

[*P16] Defendant's reliance upon  *State v. King, supra*, is misplaced, as that case dealt with sua sponte continuances by the  trial court. Here, the record affirmatively demonstrates that at a  hearing on December 11, 2002, the trial court granted a request made by Defendant's attorney to continue the December 16, 2002  trial date the court had set. The  court rescheduled the trial for  March 4, 2003. This continuance granted upon Defendant's own  motion, which appears in the record, is valid even in the absence of  a journal entry, and it extends the  time for bringing Defendant to  trial by the period of that continuance,  December 16, 2002 until  March 4, 2003, a period  of seventy-eight days.  *State v. Garries,  supra*;  *State v. Sanders*  (Dec. 10, 1996), Pickaway App. No. 95CA6, 1996 Ohio App. LEXIS 5711; R.C. 2945.72(H). Thus, rather than January 6, 2003, the State had until March 25, 2003, to bring  Defendant to trial in a timely manner.

[*P17] On March 3,  2003, Defendant filed a motion  requesting a continuance of the trial set for March 4, 2003. The trial  court granted Defendant's requested continuance, this time by journal entry/order  filed March 10, 2003, and subsequently  rescheduled the trial for June 2,  2003. This second continuance of  the trial, also granted upon  Defendant's own request, likewise  extends the time for bringing Defendant to trial by the period of that  continuance, from March 4, 2003, until June 2, 2003, a period of ninety days. Thus, instead of March 25, 2003, the State had until  June 23, 2003, to timely bring Defendant to trial. Defendant does  not challenge in this appeal any  of the subsequent continuances of  his trial date after June 2, 2003.

10

[*P18] The trial court properly charged to Defendant for speedy trial purposes the delay in bringing him to trial caused by the continuances he requested of the original December 16, 2002 trial date and the March 4, 2003 trial date. Accordingly, Defendant's trial was commenced within the time limits required by R.C. 2945.71, as properly extended pursuant to the provisions of R.C. 2945.72. No violation of Defendant's speedy trial rights has been demonstrated.

The Sixth Amendment guarantees a defendant the right to a speedy trial which is assessed upon consideration of the length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker v. Wingo*, 407 U.S. 514, 530 (1972). As found by the Ohio Court of Appeals, virtually all of the delay in bringing this case to trial was caused by motions for continuances made by Petitioner or on his behalf, in large part caused by Petitioner's change of counsel. This is not an unreasonable application of the facts or of federal law. Indeed, instead of asserting his right, Petitioner frequently waived any objection by himself requesting a continuance. Finally, he has not attempted to show any prejudice resulting from the delay.

Petitioner's First Ground for Relief lacks merit and should be dismissed with prejudice.

**C.     Grounds Two and Three**

In Ground Two Petitioner claims he was deprived of the effective assistance of counsel on the appeal as of right. In Ground Three, Petitioner asserts that his enhanced sentence is void as a matter of law and contrary to the 14th Amendment to the United States Constitution. Respondent argues that both claims have been procedurally defaulted.

**D.     Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal

11

courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).

A claim is considered fairly presented if the claim has been presented to the state courts under the same theory that it was later presented for federal habeas corpus review. *Williams v. Bagley,* 380 F.3d 932, 969 (6th Cir. 2004).

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991)); *Couch v. Jabe,* 951 F.2d 94, 96

(6th Cir. 1991). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes an express statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; *see also Teague v. Lane,* 489 U.S. 288, 297-293 (1989). Under these circumstances, the federal court may deem the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Maupin v. Smith*, 785 F. 2d 135, 138 (6th Cir. 1986). First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must decide whether the state courts actually enforced the state procedural sanction. Third, the court must decide whether

13

the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Maupin*,785 F. 2d, at 138.

### E.    Grounds Two and Three are Procedurally Defaulted

Richardson argues in Grounds Two  and Three that his direct appeal counsel was ineffective for failing to present the following arguments: that  the prosecutor used perjured statements before the court at the hearing on the  speedy trial motion and  that the trial court improperly enhanced his sentence to more than the "maximum/minimum" without giving him notice or an opportunity to be heard.[3]

In this case, the Ohio Court of Appeals filed its opinion on October 22, 2004. Richardson did not file his application to reopen until August 17, 2005, well beyond the ninety day period set forth in the rule. The Court of Appeals denied the  application as untimely, saying that Richardson failed to address the issue of  timeliness and that his claims of irregularities in his bond  hearing and at his no  contest hearing should have been known to him in time to submit a timely  application.  (Doc. #5, Exhibit 19).

Applying the *Maupin* analysis, it is clear that Ohio has a procedural rule which requires ineffective assistance of appellate counsel claims to be raised within ninety days of the

---

[3] Respondent correctly notes that Ground Three also lacks merit since the Indictment sets forth Richardson's prior convictions and that *Blakely v. Washington* permits sentence enhancement based on a prior conviction. (Doc. #5 at 11).

journalization of the appellate decision, that Petitioner did not do so in this case, and that his failure to timely file was held against him. The Sixth Circuit has expressly held that the time requirements in Rule 26(B) is an adequate and independent state ground. *Monzo v. Edwards*, 281 F. 3d 568 (6th Cir. 2002). Richardson has not demonstrated cause or prejudice to excuse the default. Petitioner's Second and Third Ground for Relief should be denied with prejudice because they are procedurally defaulted.

**F.      Conclusion**

Petitioner has failed to demonstrate any constitutional error in his conviction. His Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with these conclusions, he should be denied permission to appeal *in forma pauperis* and any requested certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT**:

1.      Petitioner Timothy Richardson's Petition for Habeas Corpus (Doc. # 1) be DISMISSED with prejudice,

2.      Petitioner should be denied permission to appeal *in forma pauperis* and any requested certificate of appealability; and,

3.      The case be terminated on the docket of this Court.


January 17, 2008                              _____s/ Sharon L. Ovington_____
                                                          Sharon L. Ovington
                                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

16