IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY RICHARDSON,                  :

    Petitioner,                            :

                                      Case No. 3:06cv095

    vs.                                         :

                               JUDGE WALTER HERBERT RICE

ERNIE MOORE, WARDEN,              :

    Respondent.                         :

---

DECISION AND ENTRY OVERRULING PETITIONER'S OBJECTIONS (DOC. #10) TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #7); REPORT AND RECOMMENDATIONS ADOPTED IN PART AND REJECTED IN PART; CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL DENIED; JUDGMENT TO BE ENTERED IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

Petitioner Timothy Richardson ("Petitioner" or "Richardson") initiated this action, seeking a writ of habeas corpus under 28 U.S.C. § 2254. In his Petition (Doc. #1), Richardson has set forth three grounds for relief. This matter was referred to United States Magistrate Judge Sharon Ovington. That judicial officer has issued a Report and Recommendations, recommending that this Court deny the Petitioner's request for habeas relief. See Doc. #7. In particular, Judge Ovington recommended that this Court conclude that the Petitioner could not prevail on the merits of his First Ground for Relief and that the Second and Third Grounds for

Relief had been procedurally defaulted as a result of his failure to file a timely motion to reopen his direct appeal in accordance with Rule 26(B) of the Ohio Rules of Appellate Procedure.[1]

This litigation is now before the Court on Richardson's Objections (Doc. #10) to the Report and Recommendations (Doc. #7).[2]  As a means of analysis, the Court will rule on the Petitioner's Objections in the order in which his claims appear in his petition.  In ruling on those Objections, this Court has conducted a de novo review of the Report and Recommendations (Doc. #7), as required by the Sixth Circuit.  Flournoy v. Marshall, 842 F.2d 875 (6th Cir. 1988).

First, with his First Ground for Relief, Richardson alleges that he was denied substantive and procedural due process, as a result of the denial of his motion to dismiss for violations of the Ohio speedy trial statute and the Sixth Amendment guarantee to a speedy trial.  See Doc. #1 at 6.  Based upon the reasoning and citations of authority, set for in the Report and Recommendations (Doc. #7), this Court agrees with the Magistrate Judge that the Petitioner's first claim is not well taken, on the merits, because the rejection of his speedy trial claim by the Clark County Court of Appeals (State v. Richardson, 2004 WL 2445347 (Ohio App.

---

[1] Rule 26(B) permits the filing of a motion to reopen a direct appeal in order to assert a claim of ineffective assistance of counsel.  Such a motion must be made within 90 days of the date of the journalization of the appellate judgment.

[2] The Petitioner filed his Objections (Doc. #10) on Friday, March 14, 2008.  Under the local rules of this Judicial District, the Respondent has until Tuesday, April 3, 2008, in which to file a memorandum in opposition.  See S.D. Ohio Civ. R. 7.2(a)(2).  However, given the straightforward nature of the issues raised herein, this Court decided to rule on the Objections, without waiting for the Respondent's memorandum.

2004)), is neither an unreasonable application of the facts or federal law, nor a decision contrary to federal law. See 28 U.S.C. § 2254(d); Walls v. Konteh, 490 F.3d 432 (6th Cir. 2007).

Second, in his Second Ground for Relief, Richardson alleges that he was denied effective assistance of appellate counsel. Doc. #1 at 7. Judge Ovington recommended that the Court deny this claim, as procedurally defaulted as a result of Petitioner's failure to file a timely motion under Rule 26(B) to reopen his direct appeal. However, given the holding in Franklin v. Anderson, 434 F.3d 412 (6th Cir. 2006), cert. denied, 127 S.Ct. 941 (2007), that, in effect, the failure to comply with the temporal limitation set forth in Rule 26(B) does not constitute a procedural default, this Court addresses the merits of this claim, beginning by briefly reviewing the familiar standards governing claims of ineffective assistance of counsel.

It cannot be doubted that the Sixth Amendment guarantees a criminal defendant effective assistance of counsel during his direct appeal of right. See e.g., Evitts v. Lucey, 469 U.S. 387, 396 (1985). A claim of ineffective assistance of counsel under the Sixth Amendment has two components, to wit: 1) deficient performance by counsel and 2) prejudice to the defendant as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). In Strickland, the Court said that establishing that counsel's performance was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The Strickland Court explained further:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ….

Id. at 689. The Strickland Court also explained the prejudice prong of the test adopted therein:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id. at 694. When addressing claims of ineffective assistance by appellate counsel, the Sixth Circuit has held that counsel's performance is not deficient merely because he failed to raise every nonfrivolous issue on direct appeal. Joshua v. DeWitt, 341 F.3d 430, 441 (6th Cir. 2003). Indeed, the presumption of effective assistance of appellate counsel will be overcome only when the ignored issues are clearly stronger than the issues presented. Id.; Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002).

In his Petition, Richardson sets forth the facts upon which this claim is grounded:

> [Appellate counsel] [f]ailed to recognize, argue and brief [the] fact that [the] assistant prosecutor used perjured testimony to influence [the] trial judge to overrule [the] motion for discharge on speedy trial grounds where he misled [the] court into thinking that [the] arresting officer's testimony before [the] grand jury was other than what it was and that [the] officer was

- 4 -

> to testify differently at a second grand jury session concerning [the] driver of [the] car during [the] robbery which constituted fraud on the court and deprived Petitioner of his speedy trial rights.

Doc. #1 at 7. The Petitioner bases this claim for relief on a statement by a prosecutor during a bond hearing that the arresting officer had identified the Petitioner as the driver of a car that had led officers on a high-speed chase. See Petitioner's Traverse (Doc. #6) at 5-7.[3] According to the Petitioner, the prosecutor's statement caused the attorney then representing him to seek a continuance, which, in turn, resulted in his (Richardson's) speedy trial rights being deprived. Id. The Petitioner contends that this was the initial continuance of his trial, which was granted on December 11, 2002. Id.

Regardless of whether the failure to raise this issue during Richardson's direct appeal constituted deficient performance, it was unquestionably not prejudicial. In holding that the Petitioner's speedy trial rights had not been violated, the Clark County Court of Appeals noted that the trial of the Petitioner's prosecution had originally been set for December 16, 2002. See State v. Richardson, 2004 WL 2445347 (Ohio App. 2004). His first appointed counsel was permitted to withdraw on December 4, 2002, and successor counsel requested a continuance one week later. Id. In overruling the Petitioner's motion to dismiss on speedy trial grounds, the trial judge noted that Petitioner's successor counsel had requested a continuance in order to prepare for trial more fully. See Return of Writ (Doc. #5) at Ex. 6. Therein, the judge did not mention or allude to the prosecutor's statement upon which the Petitioner bases this claim. That is not

---

[3]Petitioner attached two pages of the transcript, from the proceedings where the prosecutor made that statement, to his Motion to Reopen Appeal, which is Ex. 18 to the Respondent's Return of Writ (Doc. #5).

surprising, given that the appellate court indicated that the bond hearing had been conducted by a different judge.  Moreover, successor counsel who requested the continuance on December 11, 2002, had not represented Richardson during the bond hearing.  Based upon the foregoing, it is apparent that the statement of the prosecutor had no impact on the decision of successor counsel to request a continuance on December 11th, or on the trial judge to grant same.  Therefore, there is not a reasonable probability that, but for appellate counsel's failure to raise the prosecutor's statement during Petitioner's direct appeal, the result of that appeal would have been different.

Accordingly, the Court overrules Petitioner's Objections (Doc. #10), as they relate to Ground Two.

Third, with Ground Three in his Petition, Richardson alleges that his enhanced sentence is void, because it was based upon judicial fact finding, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).  See Doc. #1 at 9.  It bears emphasis that the Petitioner does not rely upon an ineffective assistance of counsel theory to support this claim.  Therefore, this Court cannot agree with the Magistrate Judge that Richardson procedurally defaulted this claim by failing to file a timely request to reopen his direct appeal in accordance with Rule 26(B), given that this provision of the Ohio Rules of Appellate Procedure only allows the reopening of an appeal in order to assert a claim of ineffective assistance of counsel.  This Court nevertheless agrees with Judge Ovington that Richardson has procedurally defaulted Ground Three.  The Sixth Circuit has recognized that a habeas

petitioner's failure to raise a claim during his direct appeal constitutes procedural default. Durr v. Mitchell, 487 F.3d 483 (6th Cir. 2007), cert. denied, — U.S. —, 2008 WL 695672 (March 17, 2008). Since Petitioner did not argue that his sentence violated Apprendi and/or Blakely during his direct appeal, he has procedurally defaulted Ground Three.

Based on the foregoing, the Court overrules the Petitioner's Objections (Doc. #10) to the Report and Recommendations (Doc. #7) of the Magistrate Judge. That judicial filing adopted, as it relates to Ground One in the Petition, and the rationale set forth therein is rejected, as it relates to Grounds Two and Three, although this Court agrees with the recommended result. In addition, since "reasonable jurists would not find [this Court's] assessment of the constitutional claims debatable or wrong" (Slack v. McDaniel, 529 U.S. 473, 484 (2000)), this Court denies the Petitioner a certificate of appealability and leave to appeal in forma pauperis.

Judgment is to be entered in favor of Respondent and against Petitioner, dismissing the Petition (Doc. #1) with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 18, 2008

                                            /s/ Walter Herbert Rice
                                            WALTER HERBERT RICE, JUDGE
                                            UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record
Timothy Richardson, Pro Se
Magistrate Judge Sharon Ovington.